IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELANIE OVANDO, | ) |
| | ) No.: _____ |
| Plaintiff, | ) JURY DEMAND |
| | ) |
| v. | ) |
| | ) |
| ALL PAWS HEADED HOME, INC., | ) |
| TERRI TODD and CHRISTOPHER TODD, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

PLAINTIFF MELANIE OVANDO brings this action against DEFENDANTS.

## I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. The Court has supplemental jurisdiction over Plaintiffs' state law claims. The Court has personal jurisdiction over the parties.

3. Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Defendants are covered employers under the FLSA, and Plaintiff is a covered employee under the FLSA. Defendants have been solely or substantially responsible for failing to pay Plaintiff minimum wage or correct overtime compensation under the FLSA. During the

statutory period, Defendants have been persons acting directly or indirectly in relation to the Plaintiff and thus are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## II.  INTRODUCTION

5.      Plaintiff brings this claim on behalf of herself and all others similarly situated under the FLSA, 29 U.S.C. § 216(b) for overtime compensation, non-overtime compensation, minimum wage, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## III.  FACTUAL BASIS FOR SUIT

6.      Defendants Terri Todd and Christopher Todd own and operate Defendant All Paws Headed Home, Inc., which operates a pet transportation business based out of Murfreesboro, Rutherford County, Tennessee.

7.       Defendants Terri Todd and Christopher Todd have been solely or substantially responsible for failing to pay Plaintiff correct minimum wage and overtime compensation under the FLSA.  During the statutory period, Defendants Terri Todd and Christopher Todd have been persons acting directly or indirectly in relation to the Plaintiff and thus are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8.      Plaintiff is a former employee of Defendants.  Plaintiff worked for Defendants from approximately May 5, 2018 until August 9, 2020.

9.      Plaintiff worked as a transporter/driver and drove a passenger van owned and operated by Defendants across the United States.

10.      Plaintiff was not paid for all of the time she worked or for the time she worked in excess of forty (40) hours per week.

11. Plaintiff was not paid minimum wage or an overtime premium of time and half for hours over forty (40). This was the common pay practice of Defendants.

12. Defendants did not pay Plaintiff for all of the time she worked.

13. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

14. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

15. Plaintiff was not compensated for overtime hours worked.

16. Defendant's intentional failure to pay Plaintiff minimum wage for the time she worked and for overtime wages was in willful violation of the FLSA.

## IV. CAUSES OF ACTION

17. The forgoing facts are incorporated by reference as if fully stated herein.

18. Plaintiff brings the following causes of action against Defendants:

   A. Willful failure to pay minimum wage and overtime wages in violation of the Fair Labor Standards Act of 1938; and

   B. Unjust enrichment/Quantum Meruit/Breach of Contract.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

1. A declaratory judgment that Defendants have violated the FLSA, 29 U.S.C. § 207 as to Plaintiff;

2. A declaratory judgment that Defendants' violations of the FLSA were willful;

3. An award to Plaintiff of damages in the amount of unpaid compensation to be proven at trial;

4. An award to Plaintiff of interest and liquidated damages shown to be owed to her, pursuant to the FLSA;

5. Punitive damages;

6. Reasonable attorneys' fees and costs;

7. A trial by jury; and

8. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted:

/s/ Kerry E. Knox
Kerry E. Knox, TN No. 23302
117 South Academy Street
Murfreesboro, TN 37130
(615) 896-1000


/s/ Stephen W. Grace
Stephen W. Grace, TN No. 14867
1019 16TH Avenue South
Nashville, TN 37212
(615)255-5225
ATTORNEYS FOR PLAINTIFF
4